UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK TYRONE KYLES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02614-TWP-DML |
| ) | |
| INDIANA PAROLE BOARD, ) | |
| FREDERICK A. MEDLEY, ) | |
| JAMES W. SHAFFER, ) | |
| ) | |
| Defendants. ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Derek Tyrone Kyles, Jr. brings this 42 U.S.C. § 1983 action against the Indiana Parole Board and two members of the Indiana Parole Board alleging violations of his constitutional rights.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Indiana Parole Board and two members of the Indiana Parole Board, Frederick Medley and James Shaffer. He seeks monetary damages for the actions allegedly taken by the Indiana Parole Board in 2018, which resulted in financial and psychological harm to him. *See* dkt. 1.

"[W]hen a state prisoner seeks damages in a [42 U.S.C.] § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

The principle from *Heck* applies to re-incarceration or continued incarceration pursuant to the order of parole authorities.  *See Easterling v. Siarnicki*, 435 Fed. Appx. 524, 526 (7th Cir. 2011) ("*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole."); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation).  A favorable decision on the plaintiff's claim here—that is, a finding that the Parole Board held him in custody in violation of Indiana law—would necessarily call into question the revocation of his parole. *See White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by *Heck*; "[a] favorable

decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the 1983 action is not cognizable in a federal court"). Accordingly, *Heck* bars the plaintiff's claims, and they are not actionable until and unless he successfully challenges the revocation of his parole. The dismissal of his claims shall be without prejudice.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### III. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through April 1, 2022, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. Any amended complaint should have the proper case number, 1:21-cv-2614-TWP-DML and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 3/4/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK TYRONE KYLES, JR.
11838 South Stewart Ave
Chicago, IL 60628